STATE of Minnesota, Respondent,

v.

Michael Richard SHATTO, Appellant.

No. 48700.

Supreme Court of Minnesota.

Nov. 2, 1979.

C. Paul Jones, Public Defender, J. Christopher Cuneo and Kathleen Kelly, Asst. Public Defenders, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Alan L. Mitchell, County Atty., Duluth, M. Nathan Lystig, Asst. County Atty., Duluth, for respondent.

WAHL, Justice.

Defendant, appealing his conviction for criminal negligence resulting in death, Minn.St. 609.21, contends that the evidence of his guilt was legally insufficient and that the trial court's instructions were inadequate. We affirm.

■ There is no merit to defendant's contention that the evidence of his guilt was legally insufficient. The controlling law is set forth in *State v. Bolsinger*, 221 Minn.

154, 21 N.W.2d 480 (1946). Here the evidence indicated the defendant was heavily intoxicated and that he was speeding and otherwise driving carelessly in an automobile equipped with brakes which he had reason to believe were unsafe, and that this gross negligence resulted in the accident which led to the death of a pedestrian. In short, the evidence was sufficient.

Defendant's other contention, that the instructions were inadequate, relates partly to the original instructions which the court gave the jury and partly to the fact that, in response to a jury request that it reread the definition of "gross negligence," the court refused a defense request to also reread the definition of "ordinary negligence," which the court had earlier read in its original instructions. While we hold that defendant forfeited his right to challenge the adequacy of the original instructions by his acquiescence in the instructions, we also point out that the instructions which the trial court gave on criminal negligence went beyond those recommended in CRIMJIG (see 11.21 and 11.22) and in that respect were more than adequate. Defendant's argument relating to the trial court's refusal of a defense request to reread the definition of "ordinary negligence" at the same time he answered the jury's request for a rereading of the definition of "gross negligence," is answered by Rule 26.03, subd. 19(3)(2), Rules of Criminal Procedure, which provides as follows:

"The court need not give additional instructions beyond those specifically requested by the jury, but in its discretion the court may also give or repeat other instructions to avoid giving undue prominence to the requested instructions."

Here the record does not reveal a clear abuse of discretion by the trial court in refusing the defense request to repeat the definition of ordinary negligence.

Affirmed.